KEHOE v. KEHOE.

1. DIVORCE—CUSTODY OF CHILD—MOTHER'S ASSAULT UPON SUCCESSOR WIFE.

Where there were extenuating circumstances evidently causing plaintiff to be outraged ·toward wife to whom defendant was married less than 5 months after plaintiff procured a divorce from him on ground of extreme cruelty, plaintiff's assault upon such wife *held,* not sufficient reason for taking from plaintiff the custody of her four-year-old son that had been awarded her by decree of divorce.

2. SAME—CUSTODY OF CHILD—FITNESS OF PARENTS—EVIDENCE.

Evidence on defendant husband's petition to modify decree of divorce so as to give him custody of four-year-old son *held,* insufficient to show the mother was an unfit person to have his custody or that defendant's character and personal habits were such as to justify an award of the boy's custody to him.

Appeal from Kent; Brown (William B.), J. Submitted January 13, 1948. (Docket No. 60, Calendar No. 43,919.) Decided June 14, 1948.

Divorce proceedings between Lillian Edith Kehoe and Raymond James Kehoe. On petition of defendant for change of custody of youngest child. Decree amended. Plaintiff appeals. Reversed.

*Irving H. Smith,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am. Jur., Divorce and Separation, § 684 *et seq.*

Reid, J.   Plaintiff appeals from an order amending a decree of divorce, said order taking custody of James Joseph Kehoe, the youngest son of the parties, from plaintiff and giving the custody to defendant.

The original decree filed March 8, 1946, gave plaintiff a decree of divorce on ground of extreme cruelty and awarded the custody of two older sons, John Edward, born October 6, 1934, and Gerald Raymond, born March 11, 1937, to defendant, and gave plaintiff custody of James Joseph Kehoe, born April 25, 1944.

On October 10, 1946, defendant filed a petition alleging that plaintiff is wholly unfit to have the custody of James Joseph, neglects him, leaves him alone in custody of incompetent people, uses vile, indecent and blasphemous language in the presence of said child, and associates immorally with men.   Defendant specifies five dates in 1946 when such claimed improper and immoral conduct is alleged to have occurred.

The petition also alleges that plaintiff while intoxicated assaulted Agnes Kehoe, the present wife of defendant, on Sunday, August 18, 1946, at Bell [Radigan] lake.

The trial judge was evidently influenced to a great extent in changing the custody of the youngest son, by a reconsideration of the merits of the case as to the original decree and largely because he now considers he was too charitable with or "temporized with" plaintiff respecting a matter of supposed immoral conduct on her part which occurred before the rendition of the decree.

The trial judge also gave great importance to the matter of the assault on defendant's present wife Agnes, whom defendant married July 27, 1946.   The occurrences giving rise to the assault were that defendant kept company with Agnes "for some time"

before defendant was divorced and on the occasion of the assault Agnes stated to plaintiff, "I got your husband and two boys, and now I am going to get the baby." Evidently plaintiff felt outraged and was the aggressor in the assault on Agnes at Radigan lake. There were extenuating circumstances and we do not consider that this assault constituted a sufficient reason for taking away from plaintiff Lillian the custody of her youngest son who is of such tender years.

For the next two and a half months after the assault, defendant and his present wife Agnes spent much time on various nights waiting in defendant's automobile outside the house occupied by plaintiff in the fruitless endeavor to obtain evidence of improper conduct on the part of plaintiff Lillian. Although defendant and his wife Agnes attempted by their testimony to convey the impression that they had discovered evidences of improper conduct on the part of Lillian, such was not the case.

After September 27, 1946, Louis Clark, 63 years of age, an uncle of plaintiff, roomed at plaintiff's house. Defendant testified, "There is no complaint about his [Louis Clark's] having a room there." The testimony of Louis Clark refuted testimony unfavorable to plaintiff Lillian as to improper conduct claimed by defendant and Agnes Kehoe to have been observed by them. The alleged acts of immoral conduct on plaintiff's part, as well as other claims by defendant of plaintiff's misconduct, were in each instance refuted by the testimony of not only unprejudiced witnesses but also in several instances by witnesses that were closely related to defendant. The weight of unbiased testimony indicated that defendant's claims were largely based upon imaginary and unwarranted conclusions rather than upon an actual knowledge of happenings and facts.

There is no persuasive evidence that the conduct of plaintiff since the divorce shows her unfit to have

the custody of her youngest son awarded her by the decree of divorce nor such change of circumstances as would require a change of custody. On the contrary, apparently unbiased witnesses for the plaintiff (about nine in number) gave strong and convincing testimony of her good character and meticulous care of her home and child. Defendant's sisters, his cousin and his brother, also gave testimony supporting plaintiff's case.

It cannot be said that defendant's character and personal habits were so exemplary as to justify an award of custody of James Joseph Kehoe to him. On the contrary, the trial court said, "I am not saying I would select this home of Raymond Kehoe's to turn this child over to."

Ordinarily in human nature and affairs there is nothing to be found that can equal the love of a mother for her own offspring, especially for a child of tender years.

We consider that the welfare of the four-year-old boy, James Joseph Kehoe, would be best served by leaving him in the custody of his mother, the plaintiff Lillian Edith Kehoe.

The amended decree appealed from is reversed. A decree will be entered in this Court dismissing defendant's petition to amend the decree of divorce. Costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.